**STATEMENT OF FACTS**

On January 6, 2021, your affiant, Riley Palmertree, was on duty and performing my official duties as a Special Agent with the Federal Bureau of Investigation ("FBI"). I have been a Special Agent since 2017 and, in addition to my regular duties, I am currently also tasked with investigating criminal activity that occurred in and around the Capitol grounds on January 6, 2021. As a Special Agent, I am authorized by law or by a Government agency to engage in or supervise the prevention, investigation, or prosecution of a violation of Federal criminal laws.

The information contained in this affidavit is based on my knowledge of the investigation and information provided by other law enforcement officers. Because this statement of facts is being submitted for the limited purpose of establishing facts sufficient for the charges in the complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence exists of violations of the following statutes: 18 U.S.C. §§ 111 (a) and (b) (Assaulting an Officer of the United States with a deadly or dangerous weapon); 18 U.S.C. § 1512(c)(2) (Obstruction of an Official Proceeding); 18 U.S.C. § 1752(a) and (b) (Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority); 40 U.S.C. § 5104(e)(2) (Violent Entry and Disorderly Conduct on Capitol Grounds).

1. Background

The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification are allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings still were underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly after

2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

A number of law enforcement officers were assaulted while attempting to protect the U.S. Capitol and the individuals inside of the building. These assaults occurred both inside of the Capitol, as well as on the steps outside of the Capitol and the grounds of the Capitol.

2. Emanuel Jackson's Criminal Conduct

During the course of the violent protests, several violent protestors were armed with weapons including bats, pepper spray, sticks, zip ties, as well as bulletproof vests and anti-tear gas masks. During the course of the violent protest, several law enforcement officers were assaulted by these violent protesters.

a. Assault on Law Enforcement Officer at Senate Wing Entrance

At around 2:00 p.m., violent protesters climbed the stairs to the U.S. Capitol Building at the Senate Wing entrance on the West side and began striking the windows and doors of the U.S. Capitol. Several U.S. Capitol and Metropolitan Police Department officers who were in police uniform attempted to restrain the crowd but were eventually overwhelmed. The defendant, EMANUEL JACKSON, is observed on U.S. Capitol video surveillance footage making a fist and repeatedly striking a U.S. Capitol Police officer on his person while attempting to forcefully enter the building. United States Capitol Police officers are designated as officers of the United States under 18 U.S.C. 1114.

At approximately 2:48 p.m., the large crowd that was being restrained by law enforcement overpowered the officers and gained entry. One of the first individuals observed entering the doorway is the defendant. The defendant is observed on the surveillance video wearing a black hooded sweatshirt, a tan military-style backpack, and a light blue surgical mask on his face. At various times the mask on the defendant's face is below the defendant's lips.

b. Baseball Bat Assault on Law Enforcement Officers at West Terrace Entrance

At 4:50 p.m., the violent and aggressive crowd continued to confront law enforcement at the West Terrace entrance. The crowd was armed with various weapons and multiple individuals are observed assaulting law enforcement in the entranceway. The defendant is clearly observed in surveillance video of this entrance, wearing the same clothing described above and observed in earlier footage, and armed with a metal baseball bat. The defendant is observed repeatedly striking a group of both U.S. Capitol and Metropolitan Police Department uniformed officers with the baseball bat. U.S. Capitol Police officers are designated as officers of the United States under Title 18 U.S.C. 1114. The officers are shielding themselves with the Plexiglas shields for protection.



In the days following the assault on the U.S. Capitol, law enforcement sent out flyers with photographs of several individuals involved in the violence at the U.S. Capitol on January 6, 2021. The defendant was listed as subject number 31.

During the investigation, law enforcement discovered an open source media video of the incident from January 6, 2021. On the video, photographs of which are included below, the defendant is observed holding and swinging the bat, which matches the shape and appearance of the bat in the surveillance video from the Capitol Building.





:



    c.   January 18, 2021 Arrest

On January 18, 2021, the defendant voluntarily entered the First District Metropolitan Police Department station. Your affiant explained the defendant's constitutional rights to him and the defendant knowingly waived his rights by signing a Miranda rights card. The defendant admitted to taking part in the violent protest, identified himself in video and photographs shown to him by law enforcement of himself, and confessed to perpetrating the violent conduct described above.

Based on the foregoing, your affiant submits that there is probable cause to believe that JACKSON violated 18 U.S.C. 111, which makes it a crime to assault a Federal law enforcement officer, and 18 U.S.C. 111(b), which makes it a crime to assault a federal law enforcement officer with a dangerous weapon.

Additionally, there is probable cause to believe that JACKSON violated 18 U.S.C. § 1511(c)(2), which makes it a crime to obstruct, influence, or impede any official proceeding.

Additionally, there is probable cause to believe that JACKSON violated 18 U.S.C. § 1752(a) and (b), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; and (4) knowingly engage in any act of physical violence against any person or property in any restricted building or grounds; or attempts or conspires to do so. For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Your affiant submits there is also probable cause to believe that JACKSON violated 40 U.S.C. § 5104(e)(2)(D) and (G), which makes it a crime to willfully and knowingly (D) utter loud,

threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; (E) obstruct, or impede passage through or within, the Grounds or any of the Capitol Buildings; (F) engage in an act of physical violence in the Grounds or any of the Capitol Buildings; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.

_____
Riley M. Palmertree
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this __18th__ day of January 2021.

2021.01.18 22:54:26 -05'00'
_____
Robin M. Meriweather
U.S. MAGISTRATE JUDGE