UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | No. 21-CR-00395 (TJK) |
| **EMANUEL JACKSON,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to defendant's request to "modify his HISP conditions, remove the CPS monitor from his ankle, and place him on personal recognizance." ECF No. 65 at 1. The Court should deny defendant's request to modify his conditions of release because the current conditions are the least restrictive necessary to reasonably assure the safety of the community.

Defendant Emanuel Jackson was arrested on January 18, 2021, and charged with multiple offenses related to his conduct on January 6, 2021, including Obstructing or Impeding Certain Officers, in violation of 18 U.S.C. §§ 111(a)(1) and (b). ECF No. 1. At his initial appearance on January 19, 2021, the government orally moved for detention and Magistrate Judge Michael G. Harvey ordered Jackson detained. Magistrate Judge Harvey held a detention hearing on January 25, 2021 and granted the government's motion for detention. ECF No. 9 (Transcript of Detention Hearing) (explaining that videos "appear to show a violent assault on United States law enforcement officers who were seeking to protect entrances into the Capitol, one of which involves the use of a dangerous object, a metal bat"); *see also* ECF No. 4 (Government Memorandum in Support of Detention); ECF No. 5 (Defendant's Opposition). On February 22, 2021, Jackson

moved for reconsideration and requested that the Court "release him into third-party custody[] and allow him to participate in the High-Intensity Supervision Program (HISP) with 24-hour home detention and GPS monitoring." ECF No. 10 at 1-2; *see also* ECF No. 14 (Government's Opposition). On March 2, 2021, Judge Howell held a hearing on the motion for reconsideration and released Jackson under the HISP program to home detention and other conditions. ECF No. 17. As the Court is aware, Jackson remained on home confinement until June 3, 2024, when at the request of the defendant and consent of the government and pretrial services, the Court modified his conditions from home confinement to a curfew from the hours of 8 p.m. and 7 a.m. each day.

The Bail Reform Act requires that a defendant on pretrial release be "subject to the least restrictive condition, or combination of conditions" that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). The factors to be considered are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community. 18 U.S.C. § 3142(g).

The Court should deny Jackson's latest request because the current conditions of release are reasonable and the least restrictive necessary to reasonably assure the safety of the community. As described in more detail in the government's previous filings (ECF Nos. 4 and 14), which are incorporated herein by reference, the factors set forth in 18 U.S.C. § 3142(g), particularly the nature and circumstances of the offense and the nature and seriousness of the danger to any person or the community, strongly weigh in favor of significant restrictions. The most recent change from home detention to a curfew was approximately two months ago. The government acknowledges that he has complied with his current conditions; however, two months is not sufficient time to fully evaluate additional loosening of restrictions. Moreover, Jackson has not specified any change

in his circumstances to support a revision at this time. Therefore, the motion to modify conditions should be denied.

                                Respectfully submitted,

                                MATTHEW M. GRAVES
                                United States Attorney
                                D.C. Bar No. 481052

By:    s/ *Sarah W. Rocha*
        SARAH W. ROCHA
        Trial Attorney
        D.C. Bar No. 977497
        601 D Street, NW
        Washington, DC 20579
        Telephone:  202-330-1735
        sarah.wilsonrocha@usdoj.gov

Dated: August 8, 2024